[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13740
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61197-WPD,
0:14-cr-60277-WPD-1

NEIL NAVARRO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 28, 2017)

Before WILSON, JULIES CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Neil Navarro, proceeding pro se, appeals the district court's denial of his 28

U.S.C. § 2255 motion.  Navarro argues that his conviction and sentence under 18

U.S.C. § 924(c)(3)(B) are invalid following *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government contends that Navarro's claim is barred by the sentence-appeal waiver in his plea agreement.  After a review of the record and consideration of the parties' briefs, we affirm.

In a proceeding on a motion to vacate under 28 U.S.C. § 2255, the district court's factual findings are reviewed for clear error while legal issues are reviewed de novo.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).[1]

Here, we do not reach the question of whether *Johnson* applies to § 924(c)'s residual clause because Navarro's § 924(c) conviction was alternatively premised on drug trafficking crimes.  Section 924(c) makes it a crime for any person to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  "[D]rug trafficking crime means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46."  18 U.S.C. § 924(c)(2).

We have determined that a conviction under § 924(c) does not require that the defendant be convicted of or even charged with the predicate offense.  *United*

---

[1] Navarro's claim likely does not fall within the scope of the waiver because he is collaterally attacking his conviction through 28 U.S.C. § 2255, and the plain language of the waiver only covers  Navarro's right to appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. However, we do not need to resolve this issue because his appeal fails regardless.

*States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (per curiam).  Instead,

§ 924(c) requires only that the predicate crime be one that may be prosecuted.  *Id.*;

18 U.S.C. § 924(c)(1)(A).  To satisfy that requirement, the government must show

that the defendant used or carried a firearm during and in relation to a crime of

violence or drug trafficking crime.  *Frye*, 402 F.3d at 1128.  The factual proffer can

be a sufficient basis for a district court to determine that a defendant committed the

underlying drug trafficking crime.  *See id.*

Although Navarro did not plead guilty to the drug trafficking crimes in

counts two and three, the factual proffer, signed by Navarro, established that he

had conspired with his codefendants to steal 15 kilograms of cocaine and then

distribute that cocaine, while armed.  Navarro did not need to be convicted of those

crimes in order for them to count as predicates for the § 924(c) conviction.  *See*

*Frye*, 402 F.3d at 1127-28.

**AFFIRMED.**

3